1  JOHN M. SORICH (CA Bar No. 125223)
   jsorich@adorno.com
2  S. CHRISTOPHER YOO (CA Bar No. 169442)
   cyoo@adorno.com
3  ROCIO HERRERA (CA Bar No. 237139)
   rherrera@adorno.com
4  ADORNO YOSS ALVARADO & SMITH
   A Professional Corporation
5  1 MacArthur Place, Suite 200
   Santa Ana, California 92707
6  Tel: (714) 852-6800
   Fax: (714) 852-6899
7
   Attorneys for plaintiff
8  WACHOVIA BANK, N.A. AS TRUSTEE (BAYVIEW)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| WACHOVIA BANK, N.A. AS TRUSTEE (BAYVIEW), a national banking association<br><br>Plaintiff,<br><br>v.<br><br>JOHN CLIFTON ELSTEAD, an individual; SANDRA F. ELSTEAD, also known as SANDRA F. WAGNER, an individual; TITLE INSURANCE AND TRUST COMPANY, a California corporation; FIDELITY NATIONAL TITLE INSURANCE COMPANY, a California corporation; SUSAN ELSTEAD, an individual; LAW OFFICES OF WALKER & DURHAM, an entity of unknown form; THE UNITED STATES OF AMERICA; MBNA AMERICA BANK, N.A., a national banking entity; MEUSER COLLECTION COMPANY doing business as MEUSER OF CALIFORNIA, a California corporation; UNIVERSAL FENCES & SUPPLY, INC., a California corporation; THE CITY OF OAKLAND, a municipal entity; DOES 1 through 100, inclusive,<br><br>Defendant. | CASE NO.: CV076015 SI<br><br>Assigned to: Hon. Susan Illston<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT JOHN CLIFTON ELSTEAD'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>DATE:   February 15, 2008<br>TIME:   9:00 a.m.<br>DEPT:   "10" |

///

---
1
OPPOSITION TO MOTION TO DISMISS OF DEFENDANT JOHN CLIFTON ELSTEAD

1047739.1

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant Wachovia Bank, N.A., as trustee (Bayview) ("Wachovia") respectfully submits this Opposition in response to defendant John Clifton Elstead's ("Elstead" or "Defendant") Motion to dismiss for failure to state a claim upon which relief can be granted ("Motion").

## I. SUMMARY OF ARGUMENT

Elstead's Motion includes an extensive discussion of facts and purported legal conclusions based on depositions, letters, and communications with parties other than Wachovia, that were part of a separate proceedings.[1] As such, the Motion is based extensively on facts that were not alleged in the first amended complaint ("FAC"). In deciding a motion to dismiss for failure to state a claim, however, the court's review is generally limited to the contents of the complaint. *Campanelli v. Bockrath*, 100 F.3d 1476, 1479 (9th Cir. 1996). Therefore, Elstead's allegations that internal Chase documents purportedly show that Defendant satisfied a 1995 forbearance agreement and a 1998 settlement are irrelevant because they cannot be a basis of the Motion.

Furthermore, Defendant contends that this action must be dismissed because a valid notice of appeal has been filed in the separate underlying proceeding. The case cited by Defendant in support of this proposition, *Royal Thrift & Loan Company v. County Escrow*, 123 Cal.4th 24 (2004), however, merely held that a <u>nonjudicial</u> foreclosure was properly stayed because the appellants did not present any evidence that Code of Civil Procedure("CCP") § 917.4 was applicable. This case involves an action for <u>judicial foreclosure</u>. Even assuming that Defendant has filed a proper notice of appeal this action cannot be dismissed because CCP § 916 dictates that the <u>perfecting</u> of an appeal merely <u>stays</u> further proceedings until the appeal is finalized.

However, nothing in the Opposition indicates that Plaintiff has perfected his appeal, therefore, this action should not be stayed. Code of Civil Procedure § 917.4 dictates that to perfect the appeal, Elstead should have filed an undertaking. Defendant's opposition makes no indication that he filed an undertaking because no such undertaking was posted. As such, the proceeding

---

[1] Exhibit 2, 3, and 6 to the Declaration of John Elstead include excerpts of a deposition in a separate action, copies of letters that were not included in the First Amended Complaint in this action. As such, discussion of these documents is entirely irrelevant in this matter.

2
OPPOSITION TO MOTION TO DISMISS OF DEFENDANT JOHN CLIFTON ELSTEAD
1047739.1

1 cannot be stayed and Wachovia should be entitled to continue this judicial proceeding to foreclose
2 the property.
3 Similarly, a claim that res judicata or collateral estoppel may bar this proceeding if Defendant's
4 appeal of the underlying action is successful is premature. Until a decision regarding the appeal is
5 made, this action cannot be dismissed.
6 Plaintiff has asserted sufficient facts in the FAC to assert as cause of action for judicial
7 foreclosure. Therefore, the Motion must be denied in its entirety.

## II. STANDARD FOR MOTION TO DISMISS

A Rule 12(b)(6) motion is similar to the common law general demurrer, since it tests the legal sufficiency of the claim or claims stated in the complaint. The court must decide if the facts alleged, if true, would entitle plaintiff to some form of legal remedy. Unless the answer is unequivocally "no," the motion must be denied. *Conley v. Gibson*, 355 US 41, 45-46 (1957); *Da La Cruz v. Tormey*, 582 F.2d 45, 48 (9th Cir. 1978). In that regard, the court must accept as true all material allegations in the complaint, as well as reasonable inferences to be from them. *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998).

Additionally, the motion to dismiss for failure to state a claim is viewed by the courts with disfavor and is rarely granted. *Gilligan v. Jamco Development Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). Consequently, a 12(b)(6) motion is proper only in "extraordinary" cases. *United States v. Redwood City*, 640 F.2d 963, 966 (9th Cir. 1981). The complaint must be construed in the light most favorable to plaintiff. *Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).

## III. THE ACTION CANNOT BE DISMISSED MERELY BECAUSE DEFENDANT FILED A NOTICE OF APPEAL IN ANOTHER ACTION

### A. Code of Civil Procedure § 916 Merely STAYS Proceedings Pending an Appeal, It Does Not Require Dismissal

Code of Civil Procedure ("CCP") § 916(a) states that:

"(a) Except as provided in Sections 917.1 to 917.9, inclusive, and in Section 116.810, the perfecting of an appeal stays proceedings in the trial court upon

OPPOSITION TO MOTION TO DISMISS OF DEFENDANT JOHN CLIFTON ELSTEAD
1047739.1

<blockquote>
the judgment or order appealed from or upon the matters embraced therein or affected thereby, including enforcement of the judgment or order, but the trial court may proceed upon any other matter embraced in the action and not affected by the judgment or order." (Emphasis added).
</blockquote>

To accomplish this purpose, section 916(a) stays all further trial court proceedings "upon the matters embraced" in or "affected" by the appeal. *Varian Medical Systems, Inc. v. Delfino*, 35 Cal.4th 180, 189 (1995). In determining whether a proceeding is embraced in or affected by the appeal, we must consider the appeal and its possible outcomes in relation to the proceeding and its possible results. *Id.* The fact that the post-judgment or post-order proceeding may render the appeal moot is not, by itself, enough to establish that the proceeding affects the effectiveness of the appeal and should be stayed under section 916. *Id.*

In the Complaint, Plaintiff alleges that Wachovia's predecessor and Defendant entered into a written Deed of Trust Note, pursuant to which Sutter lent to Defendant the sum of Four Hundred and Twenty-Nine Thousand Six Hundred U.S. Dollars ($429,600.00) (the "Loan"). FAC ¶ 17. The Loan was secured by a properly recorded Deed of Trust encumbering property located 7460 Woodrow Drive, Oakland, California 94611 ("Subject Property"). FAC ¶ 18. Chase Manhattan Mortgage Corporation assumed the servicing of the Loan. FAC ¶ 23. Upon assumption of the loan servicing, Chase Manhattan Mortgage Corporation notified Defendant that he was in default under the Loan. FAC ¶ 24. Foreclosure was delayed when Defendant signed a forbearance agreement. FAC ¶ 25.

Elstead failed to comply with the terms of forbearance agreement and filed a Complaint in the Superior Court of the State of California, County of Alameda, entitled *Elstead v. Chase Manhattan Bank, et al.*, Alameda County Superior Court, Case No. 787345-2 in which he alleged that Chase mismanaged and over-billed the Loan account ("1997 Complaint"). FAC ¶ 27. The 1997 Complaint was voluntarily dismissed, with prejudice and Defendant and Chase Manhattan Mortgage Corporation entered into an Amended and Restated Settlement Agreement and Release ("Resolution Agreement"). FAC ¶ 30. Defendant failed to comply with the terms of the Resolution Agreement and by March 9, 2002 owed at least $94,570.79 in arrears. FAC ¶ 30.

Instead of paying the outstanding arrears, Defendant filed a second lawsuit ("Second Action") against Chase Manhattan Mortgage Corporation ("Chase") and others on April 4, 2002, in which Defendant challenged Chase's rights to foreclose and again alleged that Chase mismanaged and over-billed his Loan account. <u>Chase filed a motion for summary judgment which was granted on December 1, 2006 ("Judgment").</u> FAC ¶ 30; *See also, See,* Declaration of Elstead in support of Motion ("Elstead Decl."), Exhibit "8."

Therefore, at most, the properly filed notice of appeal would <u>stay</u> this proceeding, until Defendant's appeal is decided if the appeal was perfected. CCO § 916(a), *see also Varian Medical Systems, Inc. v. Delfino,* 35 Cal.4th 180, 189 (1995). However, based on the very cases cited by Plaintiff, this action should not be stayed because Defendant has presented no evidence that he perfected his appeal by posting an undertaking as required by Code of Civil Procedure § 917.

**B.   There is no Automatic Stay Because Defendant Has Provided no Evidence of an Undertaking**

Defendant cites *Royal Thrift & Loan Company v. County Escrow*, 123 Cal.4th 24 (2004) for the proposition that a judicial foreclosure, is a statutorily authorized adjudication of rights under a deed of trust and that is such rights are at issue on appeal, the judicial foreclosure is stayed. *See,* Motion p. 6:9-20. However, in *Royal Thrift,* the appellants argued that Royal Thrift had improperly postponed a non-judicial foreclosure sale more than three times in contravention of Civil Code § 2924g which states that a trustee may postpone a sale only three times, and absent special circumstances further postpones require a new notice of sale. Royal Thrift argued that it had properly postponed the foreclosure sale more than three times because the postponements were made pursuant to the automatic stay provision of CCP § 916, as an underlying action between Royal Thrift and the previous owners of the property was appealed. The Court agreed with Royal Thrift because it found that CCP § 917.4 did not apply.

CCP § 917.4 states that:

> "The perfecting of an appeal shall not stay enforcement of the judgment or order in the trial court <u>if the judgment or order appealed from directs the sale, conveyance or delivery of possession of real property which is in the</u>

<u>possession or control of the appellant or the party ordered to sell, convey or deliver possession of the property, unless an undertaking in a sum fixed by the trial court is given that the appellant or party ordered to sell, convey or deliver possession of the property will not commit or suffer to be committed any waste thereon</u> ... If the judgment or order directs the sale of mortgaged real property and the payment of any deficiency, the undertaking shall also provide for the payment of any deficiency." (Emphasis added).

Thus, the *Royal Thrift* Court held the nonjudicial foreclosure was properly stayed because the "appellants did not present any evidence that the [former owners] retained the right to possession during the appeal. Because they failed to establish that Code of Civil Procedure section 917.4 was applicable, the trial court correctly determined that Royal Thrift has properly postponed the foreclosure sale." *Id.* at 37.

Similarly, in *First Federal Bank of California v. Fegen*, 131 Cal.App.4th 798, 800 (App. 2 Dist. 2005), the Court held that even though a notice of appeal was timely filed, the Plaintiff was entitled to foreclose on real property because an application for the sale of the property had been granted. Specifically, the Appellate Court held there was no automatic stay for this type of appeal because Section 917.4 provides that perfecting an appeal of a judgment which directs the sale of real property will not stay enforcement of the judgment <u>unless an undertaking is given</u>. The Defendant provided no evidence of an undertaking, therefore, the property was properly foreclosed. *Id.*; *see also, Seid Pak Sing v. Barker*, 187 Cal. 587, (1921) (Upon an appeal from a judgment in foreclosure directing a sale of real property a bond had to be given to stay proceedings, and therefore to stay the sale a bond needed to posted).

Therefore, unlike in *Royal Thrift*, Code of Civil Procedure § 917.4 applies to this action and this action cannot be stayed because: 1) Defendant is appealing an order that <u>directs the sale, conveyance or delivery of possession of real property</u> and, 2) he has retained possession of the Subject Property.

Defendant's Second Action challenged Chase's rights to <u>foreclose</u> and alleged that Chase mismanaged and over-billed his Loan account. FAC ¶ 30. <u>Chase filed a motion for summary</u>

judgment which was granted on December 1, 2006. FAC ¶ 30. Specifically, the Court entered a judgment in favor of JPMorgan Chase Bank, Chase Mortgage Services, Inc. and/or Chase Home Finance LLC which states that no injunction relief will be provided to Defendant with respect to the Subject Property. *See,* Elstead Decl., Exhibit "8." As such, the Chase defendants, and Wachovia, are at liberty to seek foreclosure of the Subject Property. As such, in his appeal, Defendant is seeking that an order to overturn a judgment that directs the sale, conveyance or delivery of possession of real property.

Furthermore, Defendant has retained possession of the property at issue in the Judgment being appealed. Wachovia has brought an action for judicial foreclosure specifically because Defendant has retained possession of the Subject Property. In fact, Defendant's address of record in this matter is the Subject Property. *See,* Motion.

Therefore, the automatic stay provision would only apply if Defendant had met the requirement of Section 917.4 and posted a bond. Defendant has failed to provide any evidence that he has posted an undertaking that includes the payment of any deficiency as required by section 917.4 because no such evidence can be produced. The Appellate Court Docket and the State Court websites both evidence that no such undertaking has been posted. See, Request for Judicial Notice, Exhibits "1" and "2." Defendant has failed to perfect his appeal of the Second Action and Plaintiff is entitled to file an action to obtain a judgment to foreclose the property. The decision in this case should be made while the appeal is pending unless an undertaking is posted.

This action cannot be stayed, much less dismissed as Defendant contends in his motion. This motion must be denied in its entirety.

## IV. THE ARGUMENT FOR RES JUDICATA IS INAPPLICABLE

In California, under the doctrine of res judicata, "parties to a prior proceeding are precluded from relitigating issues determined in the prior proceeding." *See,* 7 Witkin, Cal. Procedure, (3d ed. 1985), Judgment, §§ 253-254; *Bob Baker Enterprises, Inc. v. Chrysler Corp.*, 30 Cal.App.4th 678, 686 (1994); *Mycogen Corp. v. Monsanto Co.*, 28 Cal.App.4th 888, 896 (2002). The doctrine "rests upon the ground that the party to be affected, or some other with whom he is in privity, has litigated, or had an opportunity to litigate the same matter in a former action in a court of competent

jurisdiction, and should not be permitted to litigate it again to the harassment and vexation of his opponent. Public policy and the interest of litigants alike require that there be an end to litigation." *Panos v. Great Western Packing Co.*, 21 Cal.2d 636, 637, (1943); *see also Citizens for Open Access etc. Tide, Inc. v. Seadrift Assn.*, 60 Cal.App.4th 1053, 1065, (1998).

The Appeal filed by Defendant to the judgment entered against him with respect to the Second Action has not been completed. As such, any claim that res judicata bars this proceeding is premature. Upon the Appellate Court's decision, Defendant may file an action to dismiss or defend this action if any error in the underlying action is found.

## V. CONCLUSION

For the foregoing reasons, Wachovia respectfully requests that the motion to dismiss be denied in its entirety.

DATED: January 25, 2008

ADORNO YOSS ALVARADO & SMITH
A Professional Corporation


By: /s/ S. Christopher Yoo
JOHN M. SORICH
S. CHRISTOPHER YOO
ROCIO HERRERA
Attorneys for plaintiff
WACHOVIA BANK, N.A. AS TRUSTEE
(BAYVIEW)