1  John Clifton Elstead
2  7460 Woodrow Drive
   Oakland, Ca 94611
3  (510) 339-3243

4  Defendant/Pro Se



FILED
08 FEB -6 PM 1:11

UNITED STATES DISTRICT COURT
NORTHERN DIVISION OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| WACHOVIA BANK, N.A. AS TRUSTEE (BAY VIEW),<br><br>Plaintiff,<br><br>v.<br><br>JOHN CLIFTON ELSTEAD, et. al.,<br><br>Defendants. | CASE NO. CV076015 SI<br><br>REPLY TO OPPOSITION TO MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED<br>[FRCP 12 (b) (6)]<br><br>DATE: February 15, 2008<br>TIME: 9:00 A.M.<br>CRTRM: 10 |

The following shows how Wachovia fails to offer any valid reason in its opposition for denying the motion and dismissing its complaint. Wachovia not only fails to dispute Elstead's claim that the issues raised by its agent Chase in the action on appeal "are identical to those raised" in this action, it also fails to show why this action is not automatically stayed by that appeal. (Elstead Memo: p. 2: 10-12.):

1. Wachovia misreads applicable law and incorrectly asserts that Elstead has not

"prefected his appeal... [because he has not]... filed an undertaking." (Wachovia Opp: p. 2: 22-25.)[1] An appeal is perfected without regard to an undertaking when a timely notice of appeal is filed and Elstead timely filed his notice on April 12, 2007. (Gold v Superior Court (1970) 3 C3d 275, 280; CCP 916(a), 917.1(a); Elstead Dec: Ex. 9.) The judgment appealed from may or may not require an undertaking to stay its enforcement, depending upon whether it is a type of judgment specifically excepted from the automatic stay rule, but that has nothing to do with whether the appeal is perfected. (Gold, supra, at 280; CCP 917.1 – 917.9.)

2. Wachovia miscites CCP 917.4 for the erroneous proposition that the judgment for Chase on appeal requires an undertaking. (Wachovia Opp: p. 2: 22-25, p. 3: 1.) That statute only applies to a judgment that "directs the sale, conveyance or delivery of possession of real property" and the judgment for Chase directs no such thing! It is simply a summary judgment that Elstead "recover nothing" from Chase, the agent that serviced the Wachovia loan at issue. (Elstead Dec: Ex. 8.) It is not a judgment "for money" and is therefore automatically stayed without an undertaking. (CCP 916.1(a), 917.1(a)(l).) It awards "costs," but "no undertaking... [is]... required... for costs." (CCP 917.1(d).)

3. Wachovia and Chase are admitted agents and, on May 8, 2002, the trial court in the action on appeal issued a preliminary injunction enjoining Chase and its agents "during the pendency of" the action "from instituting foreclosure proceedings" as to the debt alleged in this action. (Elstead Dec: Ex. 4.) The judgment appealed from includes and refers to the preliminary injunction, which means that the court cannot modify or ignore the injunction during the appeal and allow Wachovia to proceed with this action. (Elstead Dec: Ex. 8; Varian Medical Systems, Inc. v Delfino (2005) 35 C4th 180, 198, fn. 9, citing Environmental Coalition of Orange County, Inc. v AVCO Community Developers, Inc. (1974) 30 CA3d 513, 525; Waremart Foods v United Food & Commercial Workers Union (2001) 87 CA4th 145, 154 [Citation].)

---

[1] Wachovia incorrectly refers to the motion as the "opposition" and to Elstead as the "plaintiff." (Wachovia Opp: p. 2: 22.) He is one of the defendants.

2

4. The preliminary injunction aside, <u>Varian</u>, supra, makes clear that the automatic stay of the action on appeal deprives this court of subject matter jurisdiction over this action. "The purpose of the automatic stay...' is to protect the appellate court's jurisdiction by preserving the status quo until the appeal is decided... [it] prevents the trial court from rendering an appeal futile by altering the appealed judgment or order by conducting other proceedings that may affect it.'" (<u>ID</u>., at 189 [Citation].) "To accomplish this purpose, section 916, subdivision (a) stays all further trial court proceedings 'upon the matters embraced' in or 'affected' by the appeal." (<u>ID</u>.) "'[W]hether a matter is 'embraced' in or 'affected' by a judgment... depends on whether postjudgment... proceedings on the matter would have any effect on the effectiveness of the appeal." (<u>ID</u>. [Citation].) "'If so, the proceedings are stayed...'" (<u>ID</u>. [Citation].)

5. "A contrary conclusion would allow the trial court to render an appeal futile. If trial court proceedings during the pending of the appeal are consistent with the reviewing court's resolution of the appeal, then the appeal is, in effect, futile because the trial court has already granted the relief that would have been granted on appeal. And if trial court proceedings during the pendency of the appeal conflict with the reviewing court's resolution of the appeal, then the appeal will likely be futile because the prevailing party, in most instances, will have no adequate remedy left. Because 'the remedy by appeal cannot be denied to an aggrieved party dissatisfied with the judgment or the order appealed from by an act of the trial court in the action, at the behest or on the motion of the respondent, after an appeal has been taken and is pending' [Citation], the automatic stay... must divest the trial court of fundamental jurisdiction over the matters embraced in or affected by the appeal [Citation].'" (<u>ID</u>., at 198.)

6. Wachovia's right to foreclose turns on whether its agent Chase mishandled the loan and the issue on appeal is whether Elstead has the right to go to trial against Chase to prove the mishandling, a right which the trial court ruled was barred by the statute of limitations. (Elstead Dec: Ex. 7.) If this case is allowed to proceed and the results are consistent with the results of the appeal, then the appeal is effectively futile because this court will have already granted the

1  same relief as that of the appeal. (<u>Varian</u>, supra, at 198.) Elstead's defense is the Chase
2  mishandling and if he prevails in this action and on appeal, then the relief sought in the appeal is
3  meaningless. If he loses his action and wins the appeal, then the appeal is also meaningless. He
4  will have lost his Chase defense in this action and then be granted the right to go to trial, thereby
5  facing a res judicata or collateral enstoppal defense to his granted right to go to trial against
6  Chase!

7.  Wachovia correctly notes that the appeal "has not been completed" during its res judicata discussion, but fails to note the ludicrous consequences if this case is allowed to proceed and how the automatic stay is designed to prevent such consequences. (Wachovia Opp: p. 8: 5-6.) If this case is dismissed as it should be and Elstead ultimately prevails in the case against Chase, then Wachovia is bound by the judgment under res judicata and cannot foreclose. If, on the other hand, this case is not dismissed and Elstead ultimately prevails in the case against Chase, then one of two ludicrous things will occur. If Wachovia wins this action, the end result will be inconsistent and contradictory judgments. If Wachovia loses, then this case will have denigrated judicial economy by allowing reptitious litigation of the same issue. (See <u>Sych v Insurance Co. Of North America</u> (1985) 173 CA3d 321, 328 [Citation].)

## CONCLUSION

For the foregoing reasons, and those previously stated, it is requested that the motion be granted and the complaint be dismissed.

DATED: 2/5/08

JOHN CLIFTON ELSTEAD
Defendant/Pro Se

4

# **CERTIFICATE OF SERVICE**

I, Elaine Howton, declare that:

1. I am a citizen of the United States of America, I am over the age of eighteen, and I am not a party to the above-entitled action.

2. I caused copies of the Reply to Opposition to Motion to Dismiss For Failure to State a Claim Upon Which Relief can be Granted to be served this date by placing true copies thereof in sealed envelopes, with postage fully prepaid, addressed to the following:

John Sorich
Adorno Yoss Alvarado & Smith
1 MacArthur Place, Suite 200
Santa Ana, CA  92707
Attorneys for Plaintiff Wachovia Bank

Thomas Newman
Assistant US Attorney
450 Golden Gate Ave., Box 36055
San Francisco, CA  94102
Attorneys for Defendant
USA

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this Certificate was executed on February 5, 2008 at Pleasanton, California.

*/s/ Elaine Howton*
ELAINE HOWTON