JOSEPH P. RUSSONIELLO
United States Attorney
THOMAS M. NEWMAN (CTBN 422187)
Assistant United States Attorney
  9th Floor Federal Building
  450 Golden Gate Avenue, Box 36055
  San Francisco, California 94102
  Telephone: (415) 436-6805
  Fax: (415) 436-6748

Attorneys for the United States of America

IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WACHOVIA BANK, N.A. AS TRUSTEE (BAYVIEW), a national banking association<br><br>    **Plaintiff,**<br><br>    v.<br><br>JOHN CLIFTON ELSTEAD, et. al; SANDRA F. ELSTEAD, also known as SANDRA F. WAGNER, an individual ; TITLE INSURANCE AND TRUST COMPANY, a California corporation; FIDELITY NATIONAL TITLE INSURANCE COMPANY, a California corporation; SUSAN ELSTEAD, an individual; LAW OFFICES OF WALKER & DURHAM, an entity of unknown form; THE UNITED STATES OF AMERICA; MBNA AMERICA BANK, N.A., a national banking entity; MEUSER COLLECTION COMPANY doing business as MEUSER OF CALIFORNIA, a California corporation; UNIVERSAL FENCES & SUPPLY, INC., a California corporation; THE CITY OF OAKLAND, a municipal entity; DOES 1 through 100, inclusive,<br><br>    **Defendants.** | Case No.: 3:07-cv-6015-SI<br><br>**STIPULATION FOR REMAND** |

## STIPULATION

    1.    Plaintiff commenced this action on September 17, 2007, Alameda County Superior Court, Case No.nRG07346492. Plaintiff Wachovia filed this action seeking to foreclose on real property held by Defendant Elstead.

*STIPULATION AND*
*PROPOSED ORDER*
Case No. 03:07-cv-6015-SI

2. The action was removed by defendant the United States of America pursuant to 28 U.S.C. §§ 1442(a)(1) and 1444.

3. Defendant, the United States has claim against the property that plaintiff seeks to foreclose that is related to IRS liens filed against defendant Elstead for unpaid federal taxes. The United States' interest in property that plaintiff seeks to foreclose is the sole basis for federal jurisdiction, which includes the amount and priority of the IRS liens. The parties agree that the remaining issues in this case, which is limited to whether plaintiff has an right to foreclose on the property, arise under California state law. The parties further agree that those issues predominate over the sole federal question.

4. Defendant Elstead further agrees that, while no judgment has been entered in favor of the IRS's tax liens, he is not contesting those tax liabilities in this proceeding.

5. In addition, the United States agrees that the IRS liens filed against the real property at issue that are related to defendant Elstead's federal tax liabilities are subordinate to Wachovia's interests in the real property it seeks to foreclose.

6. Based on the foregoing, the parties agree that this case should be remanded the Alameda County Superior Court, and any pending motion in this Court should be denied as moot.

| | |
|---|---|
| 1 | JOSEPH P. RUSSONIELLO |
| 2 | United States Attorney |
| 3 | /s/ Thomas M. Newman |
| 4 | THOMAS M. NEWMAN |
|   | Assistant United States Attorney |
| 5 | Tax Division |

DATED: March 31, 2008         By: /s/S. Christopher Yoo
                                  S. CHRISTOPHER YOO
                                  ROCIO HERRERA
                                  Attorneys for plaintiff
                                  WACHOVIA BANK, N.A. AS
                                  TRUSTEE
                                  (BAYVIEW)

DATED: April 2, 2008          By: /s/John C. Elstead
                                  JOHN C. ELSTEAD

*STIPULATION AND*
*PROPOSED ORDER*
Case No. 03:07-cv-6015-SI

# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| WACHOVIA BANK, N.A. AS TRUSTEE (BAYVIEW), a national banking association )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JOHN CLIFTON ELSTEAD, et. al; )<br>)<br>Defendants. )<br>) | Case No.: 3:07-cv-6015-SI<br><br>ORDER |

Base on the parties' stipulation the Court find that the issues in this case arise predominantly under state law. A district court may decline to exercise supplemental jurisdiction where "the district court has dismissed all claims over which it has original jurisdiction." See 28 U.S.C. § 1367(c)(3); see also Bryant v. Adventist Health System/West, 289 F. 3d 1162, 1169 (9th Cir. 2002) (holding where district court grants judgment on federal claims, district court, pursuant to § 1367(c)(3), may properly decline to exercise supplemental jurisdiction over remaining state law claims). Further, a district court may decline to exercise supplemental jurisdiction over claims that "substantially predominate[ ] over the claim or claims over which the district court has original jurisdiction." See 28 U.S.C. § 1367(c)(2). The Court DECLINES to exercise supplemental jurisdiction over the remaining state law claims.

Accordingly, the above-titled action is hereby REMANDED to the Superior Court of

1 California, in and for the County of Alameda, and the Clerk is DIRECTED to transfer forthwith
2 the instant order, at the following address:

3   Office of the Clerk
    Superior Court of California
4   County of Alameda
    1225 Fallon Street
5   Oakland, CA 94612-4293

6

**IT IS SO ORDERED.**
7

8
                                        _____
9                                       SUSAN ILLSTON
                                        UNITED STATES DISTRICT COURT JUDGE
10

*STIPULATION AND*
*PROPOSED ORDER*
Case No. 03:07-cv-6015-SI